UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA,

v.

JUNIOR MARMOL DURAN,

Defendant.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
23-CR-243 (MKB)
26-CV-4439 (MKB)

MARGO K. BRODIE, United States District Judge:

Petitioner Junior M. Duran pleaded guilty on January 4, 2024 before Magistrate Judge Sanket J. Bulsara to carjacking and possessing and brandishing a firearm during a crime of violence. (Min. Entry dated Jan. 4, 2024; Criminal Information, Docket Entry No. 49.) On November 18, 2025, the Court sentenced Duran to twenty-four months in custody for carjacking, eighty-four months in custody for possessing and brandishing a firearm during a crime of violence, to run consecutively, and two years of supervised release on each count to run concurrently. (*See* Min. Entry dated Nov. 18, 2025; J., Docket Entry No. 75.)

On July 22, 2026, Duran, proceeding *pro se*, moved to vacate his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255 Petition"). (Mot. to Vacate, Docket Entry No. 78.) The Government is scheduled to file its opposition by August 6, 2026. (Order dated July 23, 2026.) In addition, on July 22, 2026, Duran filed a letter motion requesting that the Court appoint an attorney to assist him pursuant to the Criminal Justice Act ("CJA") ("Motion to Appoint Counsel").[1] (Ltr. Mot. to Appoint Counsel.) For the reasons discussed below, the Court denies his request to appoint counsel without prejudice.

[1] Duran notes that his Section 2255 Petition and Motion to Appoint Counsel were prepared and filed "fully" with the assistance of a "jailhouse attorney." (Ltr. Mot. to Appoint

## I. Discussion

"[I]n the postconviction context [ ] prisoners have no constitutional right to counsel." *Clemente v. Lee*, 72 F.4th 466, 478 (2d Cir. 2023) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)); *see United States v. Straza*, 744 F. Supp. 3d 219, 221 (E.D.N.Y. 2024) ("There is no constitutional right to counsel in post-conviction proceedings . . . ." (citing *Clemente*, 72 F.4th at 478)); *see also Mayzick v. United States*, No. 16-CR-429, 2026 WL 879520, at *12 (E.D.N.Y. Mar. 31, 2026) (quoting *Straza*, 744 F. Supp. 3d at 221); *Chartier v. United States*, No. 17-CR-372, 2026 WL 292431, at *3 (E.D.N.Y. Feb. 4, 2026) (quoting same); *United States v. Barret*, 777 F. Supp. 3d 174, 179 (E.D.N.Y. 2025) (quoting same). However, in its discretion, a court may request counsel to represent a petitioner seeking relief under Section 2255 when the petitioner is "financially unable to obtain adequate representation" and "the interests of justice so require." 18 U.S.C. §§ 3006A(a), (a)(2); *see* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."). A court considering whether to appoint counsel for a habeas petitioner must first consider whether the petitioner can afford to obtain counsel. *See Brown v. New York*, No. 22-CV-6371, 2024 WL 422290, at *1 (S.D.N.Y. Jan. 23, 2024) ("The [c]ourt's first inquiry is whether a party can afford to obtain counsel." (citing *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994)).

If the court determines that the petitioner cannot afford counsel, it must examine the merits of the case and determine if the petitioner's claim "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986); *McCray v. Royce*, No. 20-CV-4127,

---

Counsel 1, Docket Entry No. 79.) Duran explains that the "[j]ailhouse lawyer cannot further assist due to medical issues that will require his absence for medical surgeries and procedures." (*Id.* at 2.)

2020 WL 8669830, at *1 (S.D.N.Y. July 29, 2020) (quoting *id.*). "In order to make such a determination, the [c]ourt must decide whether, from the face of the pleadings, the claims asserted by the plaintiff may have merit, or the plaintiff appears to have some chance of success." *Brown*, 2024 WL 422290, at *1 (quoting *West v. Brickman*, No. 07-CV-7260, 2008 WL 3303773, at *1 (S.D.N.Y. Aug. 6, 2008)). The Second Circuit has "cautioned that this requirement 'must be taken seriously'" and "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Williams v. United States*, No. 20-CV-1554, 2020 WL 1674108, at *1 (S.D.N.Y. Apr. 6, 2020) (alteration in original) (quoting *Cooper v. A. Sargenti Co*., 877 F.2d 170, 172 (2d Cir. 1989)).

Once the court has determined that the petitioner's claims have substance or a likelihood of success at the merits, the court can consider the remaining *Hodge* factors:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61–62. The Second Circuit has also cautioned courts to be mindful that "[v]olunteer lawyer time is a precious commodity" and that "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Brown*, 2024 WL 422290, at *2 (alteration in original) (quoting *Cooper*, 877 F.2d at 172).

Duran's Section 2255 Petition is based on an ineffective assistance of counsel claim. (*See* Mot. to Vacate 4.) Duran contends that "[his attorney's] performance was constitutionally deficient under clearly established laws of the [Supreme Court]" because his attorney failed to file a notice of appeal as requested by Duran. (Mem. in Supp. of Mot. to Vacate 2, appended to Mot. to Vacate, Docket Entry No 78-2.) Duran further contends that "[his attorney's]

performance was constitutionally deficient under clearly established laws of the [Supreme Court]" because his attorney failed to raise, and abandoned, a lack of subject-matter jurisdiction argument as "[t]he Court [allegedly] exceeded the statutory mandates of Congress upon sentencing Petitioner to 'concurrent supervised releases sentences.'" (*Id.* at 4–13.)

After reviewing the facts presented within Duran's Section 2255 Motion, the Court denies Duran's request for appointment of counsel without prejudice because he has failed to show that his claims "seem[] likely to be of substance" and have a likelihood of success on the merits. *Hodge*, 802 F.2d at 61–62; *see United States v. Mercedes*, No. 10-CR-74, 2020 WL 3577901, at *3 (S.D.N.Y. July 1, 2020) (denying the petitioner's application for appointment of counsel in connection with his contemplated habeas petition because he had not "met his threshold burden of showing a significant likelihood of merit as to his ineffective assistance of counsel claims"); *Green v. Chappius*, No. 16-CV-349, 2017 WL 11447165, at *1 (W.D.N.Y. Oct. 5, 2017) (denying the petitioner's motion to appoint counsel for his collateral attack on his conviction because he did "not provide[] the [c]ourt with any information suggesting that the interests of justice require the appointment of counsel at this time," such that his claims had substance and the issues had merit, and where he "adequately articulated his claims to the [c]ourt throughout the various letters and motions he [ ] filed"); *Wisdom v. Griffin*, No. 15-CV-6578, 2016 WL 11854819, at *1 (E.D.N.Y. Mar. 11, 2016) (denying the petitioner's motion to appoint counsel finding, after review of his habeas petition, that his claims for ineffective assistance of counsel and procedural error were not "likely to be of substance"); *Jackson v. Griffin*, No. 13-CV-19, 2014 WL 12997629, at *2 (W.D.N.Y. Sep. 30, 2014) (denying the petitioner's motion to appoint counsel after filing his writ of habeas corpus, in part arguing that he was denied effective assistance of counsel, and finding "that the interests of justice do not necessitate the appointment of counsel in this case" because "[i]t d[id] not appear from a preliminary review of the

submissions that there [was] a strong indication that the claims [were] likely to have merit"); *Muja v. United States*, No. 10-CV-2770, 2011 WL 1870290, at *1 (E.D.N.Y. May 16, 2011) (denying the petitioner's motion to appoint counsel finding, "[u]pon a preliminary review of the pleadings to date, . . . [the petitioner] has failed to meet the threshold requirement of showing that his § 2255 claims are 'likely to be of substance'"); *Mota v. United States*, No. 09-CV-5189, 2009 WL 10713889, at *2 (S.D.N.Y. Aug. 14, 2009) (denying the petitioner's request for appointment of counsel for his anticipated Section 2255 motion because, "from the face of the pleadings it appears unlikely that [the p]etitioner's 'position seems likely to be of substance'" (quoting *Hodge*, 802 F.2d at 61)); *see also Reeder v. Vine*, No. 20-CV-6026, 2023 WL 1775638, at *2 (W.D.N.Y. Feb. 6, 2023) (denying the petitioner's motion to appoint counsel related to his post-conviction case because, after reviewing the pleadings and facts of the underlying motion, the petitioner "ha[d] not yet established a likelihood of success on the merits" and "the legal issues in this case d[id] not appear to be complex"). The Second Circuit has cautioned that "[v]olunteer lawyer time is a precious commodity," *Cooper*, 877 F.2d at 172, and "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Id.*; *see Hodge*, 802 F.2d at 60 ("Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim.").[2]

The Court denies Duran's request for appointment of counsel without prejudice. Petitioner may re-apply for appointed counsel should circumstances warrant at a later date, and the Court, if appropriate, will revisit whether appointed counsel is warranted when it addresses

[2] The Court notes that Duran waived his right to appeal in his plea agreement, if the Court sentenced him to 141 months or less. The Court sentenced him to a total of 108 months of imprisonment. Moreover, it appears that Duran misunderstands the meaning of "concurrently," since the Court does not believe that Duran wanted the Court to impose his supervised release terms consecutively, to result in four years of supervised release, rather than the current two years of supervised release.

Petitioner's claims on the merits.

Dated: August 3, 2026
Brooklyn, New York

SO ORDERED:

/s/MKB
MARGO K. BRODIE
United States District Judge